[Not for Publication]
 United States Court of Appeals
 For the First Circuit
 

No. 97-1286

 UNITED STATES,

 Appellee,

 v.

 GLENN P. LACEDRA,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Reginald C. Lindsay, U.S. District Judge] 

 

 Before

 Selya, Circuit Judge, 
 Coffin, Senior Circuit Judge, 
 and Stahl, Circuit Judge. 

 

Donald R. Furman, Jr. for appellant. 
Robert E. Richardson, Assistant United States Attorney, with whom 
Donald K. Stern, United States Attorney, was on brief for appellee. 

 

 December 1, 1997
 

 Per Curiam. Defendant-appellant Glenn P. LaCedra Per Curiam. 

appeals his jury convictions for possession of an unlawfully

made destructive device under 26 U.S.C. 5861(c) and

possession of a destructive device not registered to him in

the National Firearms Registration and Transfer Record

pursuant to the requirements of 26 U.S.C. 5861(d). He

contends that the statutory obligations to apply for

permission to make, and to register, a pipe bomb constitute a

violation of his Fifth Amendment privilege against self-

incrimination. LaCedra also appeals from his sentence,

arguing that the district court clearly erred in finding that

he created a substantial risk of death or serious bodily

injury to another and attempted to commit first-degree

murder. We affirm.

 Beginning with the sentencing issues, it is

apparent to us that the district court committed no clear

error. The court adopted the findings of defendant's

Presentence Report (PSR),1 which were based on evidence that

  

1. The PSR determined defendant's preadjustments offense
level through two separate routes. It first applied U.S.S.G.
 2K1.4, covering arson and property damage by use of
explosives, to recommend a base offense level of 24 under 
2K1.4(a)(1)(A) on a finding that defendant "knowingly"
created a substantial risk of death or serious bodily injury.
Based on the premise that defendant had intended to commit
murder, the PSR applied U.S.S.G. 2K1.4(c) to cross
reference 2K1.4(a)(1)(A) with U.S.S.G. 2A2.1(a)(1), the
attempted murder guideline, thereby increasing defendant's
base offense level to 28. 
 The PSR also alternatively calculated defendant's
offense level under U.S.S.G. 2K2.1, covering the unlawful

 -2- 2

showed, among other things, that after the victim spurned

defendant's persistent advances, LaCedra placed a pipe bomb

under her car near the gas tank. To create an ignition

device, he wrapped the bomb's fuse several times around the

vehicle's exhaust pipe, a "source of significant heat" when

the car was running. Further, the evidence showed that

defendant was familiar with bombmaking and that, in fact, the

positioning of the bomb under the victim's car was seemingly

designed to cause the gas tank to explode, raising the

potential for additional damage. This and other evidence,

including a detailed diagram that defendant drew showing the

placement of a pipe bomb under the victim's car, provided

ample basis for the court to determine, by a preponderance of

the evidence, that defendant had attempted to murder the

victim and that the object of the offense would have

constituted first-degree murder. Defendant's contentions

that he intended only to scare the victim and that the bomb

may well have never exploded even had it not been noticed and

removed do not undermine the court's conclusion. We end our

analysis here because our resolution of the attempted murder

  

possession of firearms, to arrive at a base level of 18,
which it then augmented six levels pursuant to 2K2.1(b)(3)
and (b)(5), and similarly cross-referenced under 2A2.1 to
arrive at the same offense level of 28. 
 The PSR concluded with a recommendation that the
base offense level of 28 be enhanced two levels because of
defendant's attempt to obstruct justice during his trial, an
enhancement not contested by defendant. See U.S.S.G.  
3C1.1. 

 -3- 3

issue also disposes of defendant's argument that he did not

knowingly create a substantial risk of death or serious

bodilyinjuryto anotherforpurposes ofU.S.S.G. 2K1.4(a)(1)(A).

 Proceeding to defendant's constitutional issues, we

summarily note that 26 U.S.C. 5861(c) and 5861(d) do not

violate the Fifth Amendment. The Supreme Court has

explicitly held that 5861(d) satisfies the Fifth Amendment.

See United States v. Freed, 401 U.S. 601, 605-07 (1971). The 

reasoning in Freed can be applied also to 5861(c). The 

National Firearms Act places no obligation on a firearm

possessor, qua possessor, to seek to register a firearm. If, 

as the evidence indicates, defendant made the pipe bomb at

issue, then he was required to submit an application to the

Bureau of Alcohol, Tobacco and Firearms before making the

bomb. Applying to make the device is a legal act, and had

defendant done so, his Fifth Amendment rights would not have

been implicated for the simple reason that his application

would have been denied.

 Affirmed. Affirmed 

 -4- 4